In the Matter of the Estate of JAMES SULTAN, Deceased.

Surrogate's Court, New York County, February 25, 1937.

*Joseph A. Cox*, for the public administrator.

*Brin & Blitzer*, for the petitioner.

*Riesner & Shenk*, for the petitioner.

FOLEY, S. This is an application for letters of administration A petition was originally filed by a sister of the deceased wife of the decedent. Since then she has filed a renunciation, and a supplemental petition for letters has been filed by a brother of the deceased wife of the decedent. The application is made on the theory that the decedent died without blood relatives, so that those entitled

to share in his estate are the sister, brother and several nephews and nieces of the deceased wife of the decedent. (Dec. Est. Law, § 83, subd. 15.) The public administrator has filed an answer asking that the application be denied and that letters issue to him.

No citation was issued or published against next of kin of the blood. No proof whatever has been submitted to the court that the decedent died without any blood relatives. The petition and supplemental petition merely state the conclusion that he left no blood relatives. I hold that this allegation is not sufficient and that there must be affirmative proof before the court that there are no blood relatives of the decedent, however remote, in existence. They, if alive, would take to the exclusion of the relatives of the deceased wife. In such cases as this it has been the practice of this court to award letters of administration to the public administrator. By this procedure a thorough investigation can be made to discover the blood relatives of the decedent and their identity, if any. These investigations are carefully made by the public administrator, who is in a neutral position. It would be hazardous, to say the least, to grant letters to the relatives of the deceased spouse of a decedent who would have a strong motive to establish their claim to the entire estate and small disposition to find kin of the blood who would take the estate to the exclusion of the relatives by marriage. Before the establishment of the present policy outlined in this decision, a pointed example of the abuse which would result from granting administration to the relations of the deceased spouse was presented in this court. A relative of the deceased wife obtained letters of administration upon the statement that there were no kin of the blood of the decedent. He collected the funds of the estate, approximately $6,000, and absconded with them. Subsequently the collateral relations by the blood of the decedent appeared and proved their status. After considerable difficulty most of the funds were recouped through proceedings against the surety on the bond of the defaulting administrator. Under less fortunate circumstances, where the sureties were insolvent, the real next of kin might have been defrauded of their interests in the entire estate.

On the accounting of the public administrator, the persons set forth in the petition for letters here will be cited, at which time they will have full opportunity to establish their right to share in the estate. The mere filing of a petition such as the one submitted here does not establish to the satisfaction of the court that they are presently entitled to share. Consequently, they cannot be deemed to be persons interested so as to force the surrogate to issue letters to any one of that group.

Submit decree, on notice, granting letters of administration to the public administrator accordingly.